UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMOS HOSTETLER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:15-CV-226 JD |
| | ) |
| JOHNSON CONTROLS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' third motion to remand. For the reasons discussed below, the Court declines to entertain the motion, as it amounts to a motion for reconsideration of an issue that the parties and the Court already addressed extensively in a previous motion. Though the Plaintiffs insist that they have now cured the flaws that doomed the previous motion, they rely on no evidence that they could not have included before, and they offer no satisfactory reason why they should be entitled to re-litigate—and the Court should be required to reconsider—a matter so extensively addressed once already. Accordingly, the Court denies the motion to remand.

On May 30, 2014, Plaintiffs' counsel filed two separate cases over environmental contamination at a former Johnson Controls plant. One they filed in federal court, asserting claims under the federal Resource Conservation and Recovery Act. The other they filed in state court, asserting claims under state law on behalf of a putative class. The two actions have different named plaintiffs, but arise out of the same contamination and include the same defendants, including Johnson Controls. In this case, which began as the state action, Johnson Controls eventually filed a notice of removal on May 28, 2015, asserting federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The elements for jurisdiction under

that Act are each present, as the amount in controversy exceeds $5 million, there is minimal diversity of citizenship, and there are more than 100 putative class members. § 1332(d)(2), (d)(5)(B).

The Plaintiffs preferred this action to remain in state court, though, so they first filed a motion to remand for procedural defects in removal, arguing that Johnson Controls' notice of removal was untimely and that Johnson Controls waived its right to remove by litigating in state court for nearly a year. Immediately upon removal, the Plaintiffs also began preparing to seek remand under the local controversy exception to the Class Action Fairness Act. That provision states that a district court "shall decline to exercise jurisdiction" if a number of requirements are met. 28 U.S.C. § 1332(d)(4).[1] One of those requirements is that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." § 1332(d)(4)(A)(i)(I). Thus, the Plaintiffs needed to present evidence that at least two-thirds of the proposed class members—all owners, renters, and occupants of any property within the area impacted by the contamination, dating back to 1992— were citizens of Indiana. To do so, they used public records to identify as many potential class members as possible; surveyed as many of those individuals as they could reach; and retained a statistician to opine from those results whether more than two-thirds of the class were citizens of Indiana. The Plaintiffs completed those efforts within six weeks, and filed a motion to remand under the local controversy exception on July 10, 2015.

---

[1] This provision does not affect federal courts' subject matter jurisdiction, but is akin to abstention. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011); *see Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) ("Judges must enforce limits on subject-matter jurisdiction no matter what the litigants do or concede, but other case-processing rules may be waived or forfeited . . . .").

Exhaustive discovery and briefing then ensued on those motions, much of which was directed to the citizenship of the class. The parties conducted ten depositions and exchanged written discovery. Johnson Controls retained its own statistician, who wrote an extensive report critiquing the Plaintiff's expert report, which led to a rebuttal report by the Plaintiffs' experts, followed by a rebuttal from Johnson Controls' expert. Johnson Controls also moved to strike the Plaintiffs' expert report. Briefing on the motions to remand and the motion to strike finally closed over five months later, on December 21, 2015, after which the parties continued filing a series of supplements and sur-replies. The parties' filings on those various motions spanned hundreds of pages of briefs, plus nearly two thousand pages of exhibits.

The Court carefully considered the parties' filings and ultimately denied the motions to remand. [DE 167]. As to the first motion to remand, the Court held that Johnson Controls' notice of removal was timely and that it had not waived its right to remove, so remand was not justified on those procedural grounds. As to the local controversy exception, the Court held that the Plaintiffs failed to meet their burden of proving that at least two-thirds of the class members were citizens of Indiana, as the Plaintiffs' statistical evidence was severely flawed. To begin with, though the Plaintiffs set out to identify as many potential class members as they could, they never considered whether the individuals they succeeded in identifying were representative of the class as a whole. Then, instead of conducting a random sample from that group, they surveyed only those individuals whose phone numbers they could locate, again without even considering whether this sample would be representative of the class or evaluating whether this method would inject a bias into their results. Finally, even though the response rate for their survey was only around ten percent, the Plaintiffs neglected to even consider whether there was any non-response bias. Accordingly, the Plaintiffs could not reliably extrapolate their survey

results to the citizenship of the class as a whole, so the Court granted the motion to strike their statistical report and denied the motion to remand. The Plaintiffs sought leave to appeal as to their procedural grounds for remand, but the Seventh Circuit denied their petition.

Accordingly, this case has proceeded in federal court, where the parties have conducted discovery in this case and its companion case. Most of the discovery has been handled jointly between the two cases, and it is now nearing a close. Nevertheless, Plaintiffs' counsel remain intent on litigating the two cases simultaneously in two separate courts. Accordingly, on January 27, 2017—over two and a half years into the case, and twenty months after its removal to federal court—they filed a third motion to remand, again seeking to invoke the local controversy exception to the Class Action Fairness Act. That motion has now been fully briefed, after another round of exhaustive filings and months' worth of discovery. Johnson Controls argues as a threshold matter, though, that the Court should not even entertain the motion, as it simply rehashes issues that the parties already had extensive opportunity to litigate in relation to the previous motion, and includes nothing that the Plaintiffs could not have included the first time around.

The Court agrees. The Plaintiffs' motion is in essence a motion for reconsideration: it seeks the same relief as the previous motion, for the same reasons. The only difference is that the Plaintiffs retained a different statistician, who conducted a new survey and used a different methodology. There is no reason the Plaintiffs could not have submitted that same evidence in the first instance, though; there have been no legal or factual developments since they filed the previous motion. The Plaintiffs argue that the Court should entertain their motion anyway because the order denying their last motion identified the flaws in their first expert report, and they claim that they have now cured those flaws in their present statistical study. However, the

Plaintiffs do not offer any principled reason that would permit them to file a second motion, but that would not entitle them to file a third or fourth motion also, should the Court find their present expert report to be flawed as well.

The only principled line to be drawn in that regard is at the first motion—once a party has litigated an issue once, it is not entitled to do so again except in limited circumstances, none of which are present here. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the [original motion]." (internal quotations omitted)). The Plaintiffs argue that they are not actually seeking reconsideration, since in ruling on the previous motion, the Court did not make a finding that *less* than two thirds of the class members are citizens of Indiana, it found only that the Plaintiffs had not met their burden of proving that *more* than two-thirds are citizens of Indiana. But since the Plaintiffs bear the burden of proof, that is the only finding a court ever needs to make on that question; that does not mean that a plaintiff is free to endlessly attempt to meet that burden in successive motions. If a party has a chance to meet its burden once and fails to do so, the matter is final. *Analytical Eng., Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 454 (7th Cir. 2005) ("[W]hen an issue is once litigated and decided, that should be the end of the matter."); *see United States v. Smith*, 562 F.3d 866, 871 (7th Cir. 2009) ("Having given [the defendant] a fair opportunity to retain a suitable expert, the court was under no obligation to let him have *another* chance to present expert testimony . . . . 'If at first you don't succeed, try, try, again' might make a memorable maxim, but it is ill-suited as a principle for case management.").

Regrettably, the burdens of re-litigating this issue have already largely accrued to Johnson Controls, which has had to conduct another round of discovery and briefing on this same question. However, courts' aversion to re-litigating issues does not only serve to protect opposing parties, but also the courts themselves. District courts are very busy, and must divide their finite resources among hundreds of cases, civil and criminal. The Court already spent considerable time evaluating and resolving the Plaintiffs' last motion. Accepting the Plaintiffs' current motion—which spawned over 200 pages in briefs and nearly a thousand pages of exhibits [DE 216, 222, 224, 230, 244–46, 265, 266, 279, 270]—would mean telling the other litigants that their cases must wait so that the Plaintiffs can take a second bite at the apple. *Burton v. McCormick*, No. 3:11-cv-26, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) ("[A] re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold."). As the volume of the parties' filings suggests, the parties bitterly dispute multiple issues relative to the present motion to remand, and resolving the motion on its merits would not be a trivial undertaking.

In addition, if every party received the same second chance that the Plaintiffs here ask for, the system would grind to a halt. As the Tenth Circuit aptly discussed in a recent decision:

> Law of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation. It's a pretty important thing too. Without something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again. A system like that would reduce the incentive for parties to put their best effort into their initial submissions on an issue, waste judicial resources, and introduce even more delay into the resolution of lawsuits that today often already take long enough to resolve. All of which would gradually undermine public confidence in the judiciary.

*Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) (Gorsuch, J.) (internal quotation and alterations omitted). Moreover, reconsidering the Plaintiffs' motion is particularly unwarranted because it has nothing to do with the merits of their claims and or

advancing them to a resolution—a party's wrangling over the most desirable forum for its claim is perhaps the least deserving of any issue for such a duplicative expenditure of resources.

The Court acknowledges that the Seventh Circuit has previously contemplated the filing of renewed motions to remand in cases where the plaintiffs sought to establish the class' citizenship under the exceptions to the Class Action Fairness Act. In *Hart v. FedEx Ground Package Sys. Inc.*, 475 F.3d 675 (7th Cir. 2006), the plaintiffs moved to remand under the home-state exception to the Class Action Fairness Act, which, like the local controversy exception, requires at least two-thirds of the class members to be citizens of the forum state. However, the plaintiffs did not submit any evidence on that question before the district court; both parties relied on the legal argument that the burden of proof fell on the other party. *Id.* at 677–78. The district court held that the plaintiffs bore the burden of proof and thus denied the motion to remand. *Id.* at 678. The Seventh Circuit affirmed. As relevant here, it concluded its opinion by noting that the district court left open the possibility that the plaintiffs might file another motion to remand, and it stated that they had the right to conduct discovery into the relevant facts on remand. *Id.* at 682.

A subsequent case, *In re Sprint Nextel Corp.*, 593 F.3d 669 (7th Cir. 2010), involved a similar posture. There, the plaintiffs did not submit any evidence in support of the class members' citizenship, but relied on a legal argument that they could infer the class members' citizenship from the definition of the proposed class, which was defined so as to make it likely that most of the class would be citizens of the home state. *Id.* at 673. Again, the Seventh Circuit disagreed, holding that the plaintiffs were required to produce evidence of the class members' citizenship, and could not rely solely on inferences from their phone numbers or mailing

addresses. *Id.* at 674–76. It also concluded by stating that the district court should give the plaintiffs another opportunity to prove the class members' citizenship on remand. *Id.* at 676.

Neither of those cases requires a similar path here. First, both of those cases established new law within the circuit, as they held for the first time that the plaintiffs bore the burden of proof, *Hart*, 457 F.3d at 680, and that plaintiffs had to meet that burden with evidence of citizenship, not merely inferences from the class definition, *Sprint*, 593 F.3d 674. Legal developments of that sort can justify reconsideration. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court."). There is no such intervening development here, though. The Plaintiffs' present motion relies on no new law, but merely attempts to present new evidence that they could have submitted with their previous motion. *Caisse*, 90 F.3d at 1270 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

Second, the Plaintiffs here already had the opportunities noted in *Hart* and *Sprint* to conduct discovery into and prove the citizenship of the class in connection with their previous motion. As discussed above, the parties conducted extensive discovery into the previous motions to remand, and they supported their arguments with thousands of pages of exhibits, including expert reports and depositions. The Plaintiffs' present motion offers nothing that they could not have presented with their previous motion; they merely request a do-over with a different statistician. The Court is not required to entertain such a do-over, and for the reasons just discussed, cannot justify exercising its discretion to do so. Accordingly, the Court denies the motion to remand.

Finally, Johnson Controls requests an award of attorneys' fees under 28 U.S.C. § 1927 for having had to respond to the Plaintiffs' motion. That provision authorizes sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." § 1927. The Court shares Johnson Controls' astonishment at the amount of resources that Plaintiffs' counsel have chosen to expend in seeking to remand this action to state court—not only their own resources, but those of Johnson Controls and the Court, too. However, though the Plaintiffs' motion is not well taken, the Court does not find that it is so groundless as to be unreasonable and vexatious. As discussed above, the Seventh Circuit has contemplated the possibility that parties would file renewed motions to remand under the local controversy exception. Though the Court finds those cases to be distinguishable, they gave the Plaintiffs at least a colorable basis upon which to request that the Court entertain the motion. Therefore, the Court does not find that an award of attorneys' fees under § 1927 is warranted.

For those reasons, the Court GRANTS Johnson Controls' motion to strike [DE 222] and DENIES the Plaintiffs' motion to remand [DE 216]. Johnson Controls' motion to strike the expert report [DE 245] is thus DENIED as moot. The Court declines to impose an award of attorneys' fees.

SO ORDERED.

ENTERED: August 28, 2017

                                          /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court